IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI SEE TAN, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>DOLBY LABORATORIES, INC., a corporation incorporated in the State of California, DOLBY LABORATORIES INTERNATIONAL SERVICES, INC., a California corporation incorporated in the State of California, DOLBY LABORATORIES LICENSING CORPORATION, INC., a corporation incorporated in the State of New York doing business in the State of California, DOLBY LABORATORIES LICENSING INTERNATIONAL SERVICES, INC., a corporation incorporated in the State of California, and DOES 1 through 100,<br><br>    Defendants. | No. C 05-03973 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Asserting numerous causes of action stemming from alleged wrongful termination, plaintiff now moves to remand to state court. Plaintiff's motion is **DENIED** as federal-question jurisdiction exists.

**STATEMENT**

Plaintiff commenced this action in San Francisco Superior Court on August 22, 2005. Plaintiff's complaint alleged causes of action for: sexual discrimination, wrongful termination of public policy, retaliation, breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, fraud and deceit, and unfair business

1

1 practices under California Business and Professions Code Section 17200.  Defendants removed
2 the action claiming federal-question jurisdiction under 28 U.S.C. 1441(b).  Plaintiff now moves
3 for remand.

**ANALYSIS**

Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331. The removing party always bears the burden of establishing removal is proper.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990).  The "well-pleaded complaint rule" provides that federal jurisdiction only exists when a federal question is presented on the face of plaintiff's properly pleaded complaint, unaided by the answer or by the petition for removal. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)(further noting that the federal issue must not be "merely a possible or conjectural one").  Removal based on federal question-jurisdiction is proper when the face of the claim raises an issue of federal law. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The plaintiff, as "master of the complaint," can have his action heard in state court "by eschewing claims based on federal law."  *Caterpillar Inc. v. Williams*, 482 U.S. 385, 398–99 (1987).  If only one of several state claims satisfies the requirements for removal on federal-question grounds, then any other purely state claims in the same complaint may also be determined by the federal court under its supplemental jurisdiction.  28 U.S.C. 1441(c).

Plaintiff's first cause of action alleges that defendants "deprive[d] plaintiff of her rights . . . to be free from sexual discrimination . . . as provided by Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended 42 U.S.C. 20001 e [sic] . . ." (Compl. ¶ 33). Plaintiff indicates that a complaint was filed with the EEOC, and that "the EEOC issued a right to sue letter" (Compl. ¶ 31).  Defendants grounded removal based upon the preceding language.  Plaintiff contends that the above language does not allege a federal cause of action, but rather is a mere reference to federal law provided as an illustration of public policy in support of plaintiff's sexual discrimination claim.

2

In substantiation of the above proposition plaintiff cites to *Rains v. Criterions Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). In *Rains*, the plaintiff brought a state court action against his employer for wrongful termination in violation of public policy. The plaintiff in his complaint made reference to the California Constitution and Title VII to satisfy an element of his wrongful termination action. Based upon this mention of Title VII the defendant removed the matter to federal court. The plaintiff sought to have the matter remanded to state court. The Ninth Circuit, in remanding the matter back to the state court, reasoned that the "invocation of Title VII as a basis for establishing an *element* of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Id.* at 345 (emphasis added). The sole reason for the plaintiff's mention of Title VII in *Rains* was to satisfy the public policy requirement of his state claim. Here, plaintiff is not using Title VII to show public policy against sexual harassment.

Plaintiff's complaint contains a clear invocation of Title VII. This can only be construed as setting forth a cause of action under Title VII. District courts have original jurisdiction over Title VII claims. 42 U.S.C. 2000e-5(3). As a result, removal based on federal-question jurisdiction was proper as the face of plaintiff's complaint raises an issue of federal law. Consequently, remand would be inappropriate.

**CONCLUSION**

Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 24, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3