IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI SEE TAN, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>DOLBY LABORATORIES, INC., a corporation incorporated in the State of California, DOLBY LABORATORIES INTERNATIONAL SERVICES, INC., a California corporation incorporated in the State of California, DOLBY LABORATORIES LICENSING CORPORATION, INC., a corporation incorporated in the State of New York doing business in the State of California, DOLBY LABORATORIES LICENSING INTERNATIONAL SERVICES, INC., a corporation incorporated in the State of California, and DOES 1 through 100,<br><br>    Defendants.<br>_____/ | No. C 05-03973 WHA<br><br>**ORDER RE DISCOVERY DISPUTE AND VACATING HEARING** |

    With respect to the failure of Ms. Williams to appear for her deposition, it appears that there was good cause to miss the deposition until the children were recovered but the alleged and prolonged "medical leave of absence" thereafter is too vague to justify the failure to appear. Tentatively, this alone would warrant denial of the summary-judgment motion. The burden is on defendant to comply with the July 18 order and defendant has failed. The remedy is not to keep ordering Ms. Williams to appear and to extend the case deadlines. The remedy may be to deny the summary-judgment motion and to require a trial. Plaintiff will have to subpoena

1  Ms. Williams for trial.  Whether Ms. Williams' testimony was truly needed to meet the issues
2  raised in the motion will be decided in ruling on the summary-judgment motion.
3       With respect to all the other discovery disputes, they should have been made, under the
4  local rules, within seven court days of the fact discovery cutoff (or at least within seven court
5  days of the deposition where the documents were referenced), so these discovery motions are
6  **DENIED**.  This is without prejudice to proving to the jury that "stonewalling" of discovery
7  occurred, if it has, although this will be regulated via motions *in limine*.
8       If the parties agreed to produce Mr. Schumer on the 20th, then so be it.  He must answer
9  as to his extracurricular relationship with Ms. Tan, even if not in the complaint, for it goes to
10 bias and his stake in dealings with her.  Whether it will be admissible at trial will be another
11 matter.
12      The discovery hearing on **SEPTEMBER 26, 2006, AT 9:00 A.M.** is **VACATED**.

14      **IT IS SO ORDERED.**

16 Dated:  September 19, 2006.

                                   WILLIAM ALSUP
                                   UNITED STATES DISTRICT JUDGE

2